**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| AMERICAN UNITED LIFE <br> INSURANCE COMPANY, <br>     Plaintiff, | ) <br> ) <br> ) <br> ) | |
| v. | ) | CAUSE NO. 2:13-CV-220-JVB-JEM |
| STEVEN GREER, *et al.*, <br>     Defendant. | ) <br> ) <br> ) | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Defendants Juanita Estes, Melinda Wade, and Donita Warmack to appear at the Show Cause Hearing of August 21, 2014, at 10:30 a.m., and at the Rule 16 Pretrial Conference of July 10, 2014, at 11:00 a.m.

On May 12, 2014, by written Order, the Court set this matter for a Pretrial Conference on July 10, 2014, at 11:00 a.m. Defendants Juanita Estes, Melinda Wade, and Donita Warmack failed to appear without explanation, so the Court issued a Show Cause Order and set a hearing to inquire into their failure to appear, to be held on August 21, 2014, at 10:30 a.m. The Show Cause Order warned them that their failure to appear at the show cause hearing could result in sanctions, including dismissal from the case. The docket reflects that the Show Cause Order was mailed to the parties and that Defendants Juanita Estes, Melinda Wade, and Donita Warmack received the Order [DE78, 79, 81]. Defendants Juanita Estes, Melinda Wade, and Donita Warmack did not appear at the Show Cause Hearing of August 21, 2014, and have not responded in any way to the Show Cause Order.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear

record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Defendants Juanita Estes, Melinda Wade, and Donita Warmack, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Defendants Juanita Estes, Melinda Wade, and Donita Warmack failed to appear at the preliminary pretrial conference and at the subsequent show cause hearing. The Court also finds that proper warning has been given to Defendants Juanita Estes, Melinda Wade, and Donita Warmack. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Defendants Juanita Estes, Melinda Wade, and Donita Warmack received "due warning" in a formal Show Cause Order sent via certified mail, and the Court finds that dismissal is warranted by Plaintiff's failure to comply with the Show Cause Order.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS Defendants Juanita Estes, Melinda Wade, and Donita Warmack from the case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The

failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 21st day of August, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: Judge Joseph S. Van Bokkelen
All counsel of record
Defendants Juanita Estes, Melinda Wade, and Donita Warmack
*pro se*, by first class and certified mail