UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 2:13-CV-220-JVB-JEM |
| STEVEN GREER, *et al.*, | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Defendant Angela Bowman to respond to the Order to Show Cause of August 21, 2014 [DE 84], and her failure to appear at the Show Cause Hearing of August 21, 2014, or at the Rule 16 Pretrial Conference of July 10, 2014.

On July 11, 2014, the Court set this matter for a Show Cause Hearing for August 21, 2014, to inquire into the reason several defendants, including Defendant Angela Bowman, failed to appear at the July 10, 2014, Rule 16 Status Conference. Defendant Bowman failed to appear at the Show Cause Hearing on August 21, 2014, without explanation. The docket reflects that the Show Cause Order was mailed to the address given to the Court by Defendant Bowman and at which she has received other documents related to the case, but that it was returned as undeliverable. Defendant Bowman did not appear at the Show Cause Hearing of August 21, 2014. The Court issued a second Order to Show Cause ordering Defendant Bowman to show cause in writing as to why she should not be held in contempt of Court and sanctioned for her failure to appear as ordered for the August 21, 2014, and July 10, 2014, hearings. The docket reflects that this Order was sent to Angela Bowman at the address she provided to the Court but that it, too, was returned as undeliverable. Defendant Bowman has not provided any updated address to the Court.

1

Defendant Bowman was notified that, although she is proceeding *pro se*, she still must participate in the proceedings before this Court as ordered. She was also warned that failure to appear at the Show Cause Hearing or respond to the Order to Show Cause might result in sanctions, including dismissal from the case. Defendant Bowman has not responded to either of the Orders to Show Cause.

The power to dismiss a case or party "*sua sponte* is predicated on the inherent power vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Schilling v. Walworth Cnty. Park & Planning Comm'n,,* 805 F.2d 272, 274-75 (7th Cir. 1986) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (quotation marks omitted)) (citing Fed. R. Civ. P. 41(b)); *see also* Fed. R. Civ. P. 55 (governing default judgment for failure to defend). "The sanction of dismissal is appropriate only in extreme situations 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *English v. Cowell*, 969 F.2d 465, 473 (7th Cir. 1992) (quoting *Schilling*, 805 F.2d at 275) (other citations omitted).

Given the conduct of Defendant Bowman, the Court concludes that this is one of those extreme situations. She failed to appear at the preliminary pretrial conference and the subsequent show cause hearing, and failed to comply with a second Order to Show Cause. Before dismissing a party, "there should be an explicit warning in every case" that dismissal may result, although "[d]ue warning' need not be repeated warnings and need not be formalized in a rule to show cause." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, "due warning" was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings, and the Court finds that dismissal is warranted by Defendant Bowman's failure to comply with the Orders to Show Cause or to otherwise participate in the

2

proceedings, including her failure to maintain contact with the Court, either by accepting mail sent to the address she provided or by updating her contact information.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS Defendant Angela Bowman from the case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

SO ORDERED this 27th day of October, 2014.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: Judge Joseph S. Van Bokkelen
     All counsel of record
     Defendant Angela Bowman
        *pro se*, by first class and certified mail
     Defendants, *pro se*